United States District Court
for the
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ASUNCION GUTIERREZ and<br>CARLOS BARRIENTOS, individually and<br>as Parents and Legal Guardians of<br>C.B., a minor<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, ASUNCION GUTIERREZ and CARLOS BARRIENTOS, individually and as Parents and Legal Guardians of C.B., a minor, (hereinafter referred to as "Plaintiffs" or otherwise individually named) by and through their undersigned counsel, and sues Defendant, UNITED STATES OF AMERICA, and allege as follows:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1. Plaintiff, ASUNCION GUTIERREZ, is a resident of the State of Florida, resides in Hillsborough County, Florida, is over the age of eighteen (18), and is otherwise *sui juris* for this action in the Middle District of Florida.

2. Plaintiff, CARLOS BARRIENTOS, is a resident of the State of Florida, resides in Hillsborough County, Florida, is over the age of eighteen (18), and is otherwise *sui juris* for this action in the Middle District of Florida.

3. Plaintiff, C.B., a minor, is a resident of the State of Florida and resides in Hillsborough County, Florida.

4. The claims herein are brought against the UNITED STATES OF AMERICA pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. §233(g)(k), and the amended the Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 U.S.C. §201 provides that the Federal Tort Claims Act 28 U.S.C. §1346(b), §2401(b) and §2671-80, is the exclusive remedy for injuries including death, caused by employees of a deemed community Health Center.

5. Plaintiffs' claim is brought under the theory of medical negligence, Florida Statutes, Chapter 766.

6. At the time of the alleged medical malpractice, Wilfredo Rivera, M.D., was an employee and/or agent of the Edgar H. Price Jr. Children and Family Healthcare Center, which is operated by the Manatee County Rural Health Services Foundation and is protected by the Federally Supported Health Centers Assistance Acts (FSHCAA of 1992 (Pub. L. 102-501) and 1995 (Pub. L. 104-73) and is extended Federal Tort Claims Act (FTCA) protection under 28 U.S.C. 1346(b), 2401(b), and 2679-81 as an eligible health center funded under the Health Center Program, section 330 of the Public Health Service (PHS) Act (42 U.S.C. 254b), as amended.

7. By and through the protections granted herein above to Wilfredo Rivera, M.D., an employee and/or agent of the Edgar H. Price Jr. Children and Family Healthcare Center, which is operated by the Manatee County Rural Health Services Foundation, the Defendant, United States of America, is liable for his negligence.

8. Venue is proper in the Middle District of Florida in that all of the acts and omissions forming the basis of these claims occurred in Manatee County, Florida.

9. The Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

10. The suit has been timely filed, in that Plaintiffs timely served notice of their claim on May 20, 2015, to the U.S. Department of health and Human Services, Office of the General Counsel, Claims and Employment Branch, 330 C. Street, SW, Attention: Claims, Switzer Building, Suite 2600, Washington, DC 20201 **(Exhibit A)**. The U.S. Department of health and Human Services assumed responsibility for processing the claim on May 28, 2015. Additionally, Plaintiffs have completed an extensive pre-suit screening process of the claim in compliance with Florida Statutes §766.106.

11. The requirements for filing and F.T.C.A. claim were met by the Plaintiffs.

12. All conditions precedent have either been complied with or have been waived.

## FACTS GIVING RISE TO THIS CLAIM

13. From 2012 through April of 2013, the medical providers at the Edgar H. Price Jr. Children and Family Healthcare Center provided all of the prenatal care and treatment to the Plaintiff, ASUNCION GUTIERREZ.  The Plaintiff's prenatal course was unremarkable other than a diagnosis of a grade 3 cystocele (protruding bladder).  This diagnosis resulted in the attending obstetrician, Dr. Carlos Vazquez, advising that the Mrs. Gutierrez may need a cesarean section as a result of the protruding bladder as it may interfere with the delivery of the baby.  Dr. Vazquez, however, did advise that she would be allowed a trial of labor but with labor precautions.

14. On April 10, 2013, Dr. Carlos Vazquez, the attending obstetrician at the Edgar H. Price Jr. Children and Family Healthcare Center, evaluated ASUNCION GUTIERREZ, and noted that she still had a protruding bladder.  On that date, Dr.

3

Vazquez scheduled her for an induction of labor to take place on April 12, 2013 with Dr. Wilfredo Rivera to be the attending.

15. On the morning of April 12, 2013, ASUNCION GUTIERREZ was admitted to Manatee Memorial Hospital for the scheduled induction of labor under the care of Wilfredo Rivera, M.D. as the attending obstetrician for the Plaintiff ASUNCION GUTIERREZ'S labor and delivery.

16. The initial vaginal exam of ASUNCION GUTIERREZ at 7:29 a.m. revealed that she was 2 cm dilated, 70% effaced and at a -2 fetal station. At 8:44 a.m. Dr. Rivera performed a vaginal exam, reviewed the fetal tracings and visualized the patient's grade 3 cystocele. Pitocin was started in order to prompt the labor and delivery process. However, about eight (8) hours later by 16:34, the vaginal examination did not progress much in that the patient was at 5 cm dilated, 90% effaced and still at a -2 fetal station. At that time, Dr. Rivera ruptured the patient's membranes. By approximately 19:23 (some three hours later), the fetal heart monitoring strips revealed concerning fetal heart decelerations. The vaginal exam revealed that the patient was 10 cm dilated, 100% effaced but yet still at a -2 fetal station. Despite the contraindications set forth by the manufacturer of the Kiwi vacuum, the hospital's policies and procedures and American College of Obstetrics and Gynecologists guidelines, Dr. Wilfredo Rivera improperly used the Kiwi vacuum numerous times during the delivery. Despite the improper use of the vacuum, the baby did not deliver for another twenty-three (23) minutes.

17. As a result of the improper use of the vacuum and the failure to timely deliver the baby, the baby suffered an extensive and significant scalp injury including, but not limited to, de-scalping and the need for extensive scalp reconstruction, as well as irreversible brain damage.

## COUNT I
## MEDICAL NEGLIGENCE CLAIM F.T.C.A. AGAINST
## THE UNITED STATES OF AMERICA
## FOR THE ACTIONS OF WILFREDO RIVERA, M.D.

The Plaintiffs re-allege and re-avers paragraphs 1-18 as if specifically set forth herein.

18. At all times material, ASUNCION GUTIERREZ was the patient of the Defendant's agent and/or employee, Wilfredo Rivera, M.D., who provided medical care through Edgar H. Price Jr. Children and Family Healthcare Center, which is operated by the Manatee County Rural Health Services Foundation. As such, at all times material hereto, medical provider/patient relationship existed between Wilfredo Rivera, M.D. and ASUNCION GUTIERREZ.

19. By virtue of the doctor-patient relationship, Wilfredo Rivera, M.D. owed a duty to ASUNCION GUTIERREZ to provide care and treatment which would comply with the prevailing professional standard of care.

20. Notwithstanding the duty as alleged above, Wilfredo Rivera, M.D. committed the following acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care:

   a. Failing to properly manage second stage of labor and to intervene in a timely manner;

   b. Failing to acknowledge and address decelerations in fetal monitor strips;

   c. Failing to properly use the Kiwi vacuum; and

   d. Failing to timely deliver the baby in light of the circumstances.

21. As a direct and proximate result the negligence of the Wilfredo Rivera, M.D., C.B. suffered an extensive and significant scalp injury including, but not limited to,

5

de-scalping and the need for extensive scalp reconstruction, as well as irreversible brain damage.

22. As such, C.B. and her parents, ASCUNCION GUTIERREZ and CARLOS BARRIENTOS, have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

   A. Damages claimed by C.B.:
   
   i. For pain and suffering sustained by the minor the past and in the future;
   
   ii. For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;
   
   iii. For permanent and total disability sustained by the minor in the past and in future;
   
   iv. For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;
   
   v. For disfigurement and scarring sustained in the past and to be sustained in the future;
   
   vi. For mental anguish sustained by the minor in the past and to be sustained in the future;
   
   vii. For all economic damages sustained on account of the injury to the minor including medical expenses obtained In the past, medical expense to be obtained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of his life; and

   viii. For all other damages provided for and appropriate pursuant to Federal and Florida Law as a result of the injuries sustained by the minor.

  B. Damages claimed by parent, ASUNCION GUTIERREZ:

   i. Past and future non-economic damages, including but not limited to, mental pain and suffering; and

   ii. Past and future loss of filial consortium.

  C. Damages claimed by parent, CARLOS BARRIENTOS:

   i. Past and future non-economic damages, including but not limited to, mental pain and suffering; and

   ii. Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, ASUNCION GUTIERREZ and CARLOS BARRIENTOS, individually and as parents and legally guardians of C.B., a minor, demand judgment for the damages listed above against Defendant, UNITED STATES OF AMERICA, for the negligent actions of Wilfredo Rivera, M.D.

## COUNT II
## MEDICAL MALPRACTICE CLAIM UNDER FLORIDA STATUTES CHAPTER 766 AGAINST WILFREDO RIVERA, M.D.

The Plaintiffs re-allege and re-avers paragraphs 1-19 as if specifically set forth herein.

23. At all times material, ASUNCION GUTIERREZ was the patient of the Defendant's agent and/or employee, Wilfredo Rivera, M.D., who provided medical care through Edgar H. Price Jr. Children and Family Healthcare Center, which is operated by the Manatee County Rural Health Services Foundation. As such, at all times material

7

hereto, medical provider/patient relationship existed between Wilfredo Rivera, M.D. and ASUNCION GUTIERREZ.

24. By virtue of the relationship, the Defendant, WILFREDO RIVERA, M.D., owed a duty to C.B. to provide care and treatment which would comply with the prevailing professional standard of care.

25. Notwithstanding the duty as alleged above, Wilfredo Rivera, M.D., committed the following acts or omissions, any of which standing alone would constitute a deviation from the prevailing professional standard of care:

    a. Failing to properly manage second stage of labor and to intervene in a timely manner;

    b. Falling to acknowledge and address decelerations in fetal monitor strips;

    c. Failing to properly use the Kiwi vacuum; and

    d. Failing to timely delivery the baby in light of the circumstances.

26. As a direct and proximate result the negligence of Wilfredo Rivera M.D., C.B. suffered an extensive and significant scalp injury including, but not limited to, de-scalping and the need for extensive scalp reconstruction, as well as irreversible brain damage. As such, C.B. and her parents, ASUNCION GUTIERREZ and CARLOS BARRIENTOS, have suffered and claim any and all available damages under Federal and Florida Law including, but not limited to the following:

    A. Damages claimed by C.B.;

        i. For pain and suffering sustained by the minor the past and in the future;

        ii. For loss of capacity for the enjoyment of life sustained by the minor In the past and In the future;

    iii. For permanent and total disability sustained by the minor in the past and in future;

    iv. For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

    v. For disfigurement and scarring sustained In the past and to be sustained in the future;

    vi. For mental anguish sustained by the minor in the past and to be sustained in the future;

    vii. For all economic damages sustained on account of the injury to the minor including medical expenses obtained in the past, medical expense to be obtained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of her life; and

    viii. For all other damages provided for and appropriate pursuant to Federal and Florida Law as a result of the injuries sustained by the minor.

B. Damages claimed by parent, ASUNCION GUTIERREZ:

    i. Past and future non-economic damages, including but not limited to, mental pain and suffering; and

    ii. Past and future loss of filial consortium.

C. Damages claimed by parent, CARLOS BARRIENTOS:

    i. Past and future non-economic damages, including but not limited to, mental pain and suffering; and

    ii. Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, ASUNCION GUTIERREZ and CARLOS BARRIENTOS, individually and as parents and legal guardians of C.B., a minor, demand judgment for the damages listed above against Defendant, UNITED STATES OF AMERICA for the actions of Wilfredo Rivera, M.D.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable as a matter of right.

DATED this 29th day of July, 2016

/s/ Pamela A. Padilla
Pamela A. Padilla
Florida Bar No.: 688339
Martinez, Manglardi, P.A.
903 N. Main Street
Kissimmee, FL 34744
Telephone: (407)846-2240
Facsimile: (407)847-2820
ppadilla@martinezmanglardi.com
vilmarie@martinezmanglardi.com
Attorney for Plaintiff